**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
JOSE BENITEZ,

                           Plaintiff,

       -against-

58 WEST LLC d/b/a LOI ESTIATORIO, ALEX
ANTIMISIARIS *individually*, and MARIA LOI *individually*,
                          Defendants.

------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, Jose Benitez, by his attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

### NATURE OF THE CASE

1. Plaintiff, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages, unpaid tips, unpaid overtime, an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff also claims that he was not provided the proper notices and statements under New York Labor Law §§ 190 *et seq*.

### JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiff Jose Benitez ("Benitez") was employed within New York, New York.

7. Plaintiff was, during all relevant times, an employee of Defendants.

8. That at all times relevant hereto, Defendant Loi Estiatorio ("Estiatorio") was and is a corporation existing pursuant to the laws of the State of New York and authorized to do business within the State of New York.

9. That at all times relevant hereto, Defendant Estiatorio is located at 132 W 58th St, New York, NY 10019.

10. That at all times relevant hereto, Defendant Maria Loi ("Loi") was an owner and manager for Defendants Loi Estiatorio and had supervisory authority over Plaintiff.

11. Defendants required Plaintiff to regularly handle goods moved in interstate commerce and had more than $500,000.00 in business done during each of the prior three years.

12. Defendant Loi Estiatorio and Defendant Maria Loi are referred to herein as "Defendants".

## THE FLSA CLASS

13. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as hourly employees at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

14. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over twenty (20) members of the Class who worked for Defendants within the Class Period.

15. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at a rate of time and a half for all hours over forty (40) each week.

16. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs will fairly and adequately protect the interests of the Class.

17. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

18. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. At all times relevant to this action, Plaintiffs and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

20. At all times relevant to this action, Defendants transacted and transact commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question.

21. At all times relevant to this action, Defendants willfully failed to pay all Plaintiffs and other Class Plaintiffs time and a half for all hours over forty (40) each week.

22. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiffs and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## MATERIAL FACTS

23. Plaintiff Benitez was hired by Defendants in or around April 2019 as a cook.

24. Throughout Plaintiffs' employment, his work product was excellent.

25. Plaintiff Benitez's duties were to prepare food and maintain the kitchen clean and organized.

26. Plaintiff Benitez was scheduled to work six (6) days a week, with Sunday as his day off.

27. Plaintiff Benitez's shifts were scheduled Monday through Friday from 11:00am to 10:00pm.

28. Plaintiff Benitez's Saturday shift was from 1:00pm to 10:00pm.

29. Plaintiff Benitez worked sixty-four (64) hours each week throughout his employment.

30. Plaintiff Benitez was always paid a flat $15.00 per hour for all hours worked and never received time and a half for hours over forty (40) or spread of hours pay.

31. In or around June of 2020, Plaintiff Benitez's schedule was changed such that he was still not provided appropriate wage statements but that his hours were reduced to less than forty.

32. Throughout his employment, all Defendants set his schedule and assigned work to do during his shift.

33. Throughout his employment, Plaintiff Benitez was paid in cash and did not receive any wage statements.

34. Defendants never provided wage statements or a wage notice to Plaintiff.

35. Plaintiff's employment ended August 18, 2021.

36. As a result of Defendants' illegal actions, Plaintiff did not receive the overtime premium required by law. Plaintiff has been damaged by these failures.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

38. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during their employment.

39. Defendant failed to pay any wages for hours worked by Plaintiff as described herein and as is required by the FLSA.

40. Further, the average hourly rate for Plaintiff was below the minimum wage when considering the numerous hours for which they were not compensated.

41. Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

42. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages and other damages as described and demanded herein.

43. Defendants acted willfully in failing to properly compensate Plaintiff.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

44. Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

45. Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

46. Defendants failed to pay overtime pay as is required by the New York Labor Law.

47. Defendants also failed to pay spread of hours pay for shifts worked in excess of ten (10) hours.

48. On account of such violations, Defendants are liable to Class Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

49. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

50. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

51. At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

53. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against the Defendants:

A. Certifying a Collective Class for all Class Plaintiffs and permitting notice be sent to all Class Plaintiffs with the option to join;

B. Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

C. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

D. Awarding damages to the Plaintiff to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff punitive and liquidated damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
December 8, 2021

                                                   **THE ROSE LAW GROUP, PLLC**

                                                   **/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3732 Steinway Street;
Suite 503
Astoria, New York 11103
PH: (718) 989-1864
Fax: (917) 831-4595