**The Rose Law Group, PLLC**
Attorneys at Law

Jesse C. Rose, Esq.
JRose@TheRoseLawGroup.com
32-72 Steinway Street, Suite 503, Astoria, New York 11103
Direct: (718) 989-1864  Fax: (917) 831-4595
www.TheRoseLawGroup.com

February 28, 2022

<u>Via ECF</u>
Hon. Mag. Jesse M. Furman
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Benitez v. 58 West LLC et al</u>
<u>Case No.: 21-cv-10513-JMF</u>

Dear Judge Furman:

I represent the Plaintiff in the above lawsuit and write jointly with Defendants 58 West LLC d/b/a Loi Estiatorio and Alzes Antimisiaris ("Defendants") to seek approval of the parties' agreement to settle Plaintiff Jose Benitez's ("Plaintiff") claims for unpaid overtime wages, failure to provide wage statements, and failure to provide wage notices. This letter is being submitted as a Request for Approval of Settlement and addresses all relevant issues to settlement. Based upon the information provided herein, the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved and that Plaintiff's claims against the Defendants be dismissed with prejudice.

**INTRODUCTION**

This action is filed under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York Labor Law (the "NYLL") Articles 6 & 19. Plaintiff alleges that Defendants failed to pay overtime owed while working sixty-four (64) hours each week over the course of his employment, which began in or around 2019. Plaintiff alleges that regardless of the number of hours worked, he was only paid $15.00 per hour. He also claims that she was not given wage statements or wage notices.

The Defendants denied the allegations, stating that Plaintiff worked no more than forty (40) hours in a week and that he was paid appropriately throughout his employment. Defendants offered proof of some payments but no proof of hours worked, and provided a signed statement that Plaintiff had been paid properly, executed by Plaintiff.

Defendants were represented in the negotiations by their attorney who was not retained to appear or defend the case. If the case had proceeded to litigation then it was anticipated that Defendants would have been required to retain other counsel.

1

## POTENTIAL DAMAGES

Plaintiff claimed that he was not paid the additional half time for approximately twenty-four hours each week from April of 2019 until June of 2020. The approximate damages sought would have been $7.50 * 24 hours * 60 weeks = $10,800.00. Plaintiff also claims entitlement to 100% liquidated damages for any award based on a willful violation of the law under the FLSA and NYLL.

There are legitimate disagreements over the total amount Plaintiff is purportedly owed.

By settling now Plaintiff is a voiding the potential of losing potential damages on their wage and hour claims, not proving a willful violation, and the time and expense of extended litigation. Defendants also avoid incurring additional attorneys' fees and costs of litigation.

## THE PROPOSED SETTLEMENT

The Parties have negotiated a settlement of $13,500.00 total to be paid by Defendants in order to settle the wage and hour claims between the parties. The parties acknowledge that the settlement agreement will be posted on the court's docket.

Plaintiff will receive a total cash payment of $$8,599.98 in exchange for a waiver of wage and hour claims. There are no additional terms which should give the Court pause as to approval under *Cheeks*. All Defendants are being dismissed, although only Defendant Antimisiaris will be personally liable, as Defendants claimed that Defendant Loi was not a properly named Defendant. Plaintiff agreed to this limitation.

## ARGUMENT

### A. The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement

agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after extensive negotiations and research.

*First*, Plaintiff's total recovery of $13,500.00 was negotiated in order to ensure swift payment and avoid prolonged litigation and is a reasonable compromise proposed by Magistrate Judge Mann.

*Second*, by settling now, Plaintiff is able to get paid now rather than waiting for litigation to proceed and potentially prevail for a significantly lower amount.

*Third*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. *See, e.g., Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011). Specifically, the amount Plaintiff will receive is based on a compromise between Defendants' damages calculation and Plaintiff's damages calculations.

*Fourth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement. The compromise is reasonable for Plaintiff who wants this settlement to be approved.

*Fifth*, the settlement agreement is being posted on PACER, making it a public document, and there are no inhibitions on Plaintiff's ability to disclose the agreement or discuss her experience litigating this case.

### B. Plaintiff's Attorneys' Fees and Expenses Should be Granted

Under Plaintiff's agreement with counsel, The Rose Law Group, PLLC is entitled to one third (1/3) of all recovery, an amount that has regularly been approved in the Eastern District.

Plaintiff's counsel spent significant time preparing the pleadings, service, communicating with Plaintiff, and negotiations with Defendants. Plaintiff's counsel drafted and negotiated the settlement agreement and drafted this request for approval.

Plaintiff expended a total of $405.00 for filing, which is reflected in the docket.

The hourly rate used by Plaintiff's counsel in the attached summary of hours spent is justified based on the hourly rates typically approved in this district for attorneys with similar levels of experience and practice as Mr. Rose. He has significant experience litigating employment law cases, including over one hundred in his career where he has appeared, mostly as the primary counsel, in the Eastern District of New York and over one hundred and fifteen where he has appeared, mostly as the primary counsel, in the Southern District of New York. He has successfully argued before the Second Circuit, reversing decisions for two clients in discrimination cases. See

*Allen v. City of N.Y.*, 695 F. App'x 614 (2d Cir. 2017); *Lawson v. Homenuk*, 710 F. App'x 460 (2d Cir. 2017). He has served as lead counsel in trials in both the Eastern and Southern Districts which resulted in jury verdicts favorable to his clients. See *Lashley v. New Life Business Institute, Inc. et al*, 13-cv-02683 (BMC) (closed 3/9/15); *Echevarria v. Insight Med., P.C.*, 72 F. Supp. 3d 442 (S.D.N.Y. 2014). These cases do not include the dozens of cases litigated before State Courts, agencies, administrative courts, arbitrations, and those cases which have settled during the EEOC's investigation and ADR processes. He served as lead counsel in trials in State Court resulting in millions of dollars awarded to his clients in wage and hour, breach of contract, and complex corporate cases. See *Perez v. Franco et al*, Index No. 709031/2016 (Queens Supreme Court) ($172,000 verdict returned by Jury in wage and hour case); *Iqbal et al v. Kumar et al*, Index No. 3124/2014 (Nassau County Supreme Court) (verdict returned in plaintiffs' favor for over $1,500,000.00 in total for fraud and breach of contract); *Garas v. Mitsios et al*, Index No. 20657/2012 (Queens Supreme Court) ($414,494.59 judgment obtained for plaintiff in unpaid contract trial). There are dozens of summary judgment decisions filed and decided in favor of clients represented by Mr. Rose, including a case which was the first to permit a superintendent's wife to pursue an unpaid wage claim in the Second Circuit.

In his career, Mr. Rose has supervised attorneys, support staff, and interns at various times since 2008 when working at Valli Kane and Vagnini, LLP. In 2011, Mr. Rose started his own practice, now The Rose Law Group, PLLC, and since has worked with various partners and as of-counsel to Derek Smith Law Group; Phillips & Associates; Pervez & Rehman, PC; The Law Office of David H. Rosenberg, PC; The Law Offices of Emiliano Perez; Conde & Glaser LLP; Picerno & Associates; and White, Hilferty & Albanese LLC. Each of these firms has contracted with Mr. Rose to provide lead attorney services for their clients in recognition of his experience and ability in employment and complex litigation. While The Rose Law Group, PLLC is a small firm, its work with other firms which ask him to act as lead and trial counsel in employment and complex litigation cases supports a finding that he should be considered for the highest hourly rate in the Eastern District.

Mr. Rose is recognized by Super Lawyers as a Rising Star each year since 2013 through 2021. He is a respected and accomplished attorney with sufficient experience to command a high level of hourly pay in this district. The range of fees for employment counsel in FLSA cases is between $300-$400 in the Eastern District. See *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *20 (E.D.N.Y. Dec. 13, 2017) (collecting cases). It is respectfully requested that the hourly rate presented is reasonable, although not relevant to the award of fees which should include the amount agreed to by Plaintiff in their retainer and in the attached Settlement Agreement.

The total fee sought is $4,500.00 plus $400.02 in costs. The total hours expended was 9.7 by counsel based on contemporaneous records. Exhibit B, Hours Performed by Jesse Rose. Using a rate of $400.00 per hour, this would have required Plaintiff to pay $3,880.00 up front, with no guarantee of success. This further does not include additional hours by clerical staff which was not recorded and were significant to provide translation and other support. Instead, Plaintiff opted for a contingency fee which permitted them to hire experienced and competent counsel without an outlay of fees. Plaintiff believes the attorney fee award is reasonable because it is (1) fair and based on a reduction of what is due under the contract entered into by the Plaintiff which provides for a contingency fee in lieu of having paid on an hourly basis, and (2) because Plaintiff's counsel takes

almost all cases on a contingency basis and having cases which pay more than an hourly rate permit the firm to take cases which are more difficult and less likely to pay out. See *Mendez v. QL Wholesome Food, Inc.*, 2018 U.S. Dist. LEXIS 58570, at *3-4 (S.D.N.Y. Apr. 4, 2018) ("While the lodestar calculation is significantly lower than one-third of the overall settlement, 'one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases.'") [internal citations omitted]; *Pinguil v. We Are All Frank, Inc.*, 2018 U.S. Dist. LEXIS 88339, at *15 (S.D.N.Y. May 21, 2018) (33 1/3% awarded even though lodestar was almost half); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). This agreement should be approved expeditiously so that Plaintiff can collect the moneys owed to him under the attached Settlement Agreement.

## CONCLUSION

For all the foregoing reasons, the settlement should be approved in its entirety. Should Your Honor require any additional information, the parties are available at Your convenience.

Jesse C. Rose